UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| FRANK ARBOUR, | ) |
| | ) |
|     Petitioner | ) |
| | ) |
| v. | )   Civil No. 07-26-B-W |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent | ) |

**ORDER TO ANSWER**

Frank Arbour filed a petition pursuant to 28 U.S.C. § 2255 seeking to vacate the judgment entered March 23, 2005, sentencing him to one hundred months of imprisonment for drug and firearms related offenses. No direct appeal was ever taken from this judgment and Arbour's petition, filed with this court on February 20, 2007, appears time-barred under 28 U.S.C. § 2255, ¶ 6 (1).[1] However, Arbour suggests that 28 U.S.C. § 2255, ¶ 6 (2) is in play and that he was prevented from making a timely motion because of a governmental impediment until August 17, 2006 when he was released from administrative segregation and ultimately

---

[1] With respect to the timeliness of this petition Arbour may assume he is entitled to the one year plus an extra ninety days for seeking certiorari review by the United States Supreme Court even though he never pursued a direct appeal to the First Circuit Court of Appeals. This is an erroneous assumption. See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) ("We ... hold that, for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) ("[A]n unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no district court extension of appeal time for good cause or excusable neglect."); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."); accord United States v. Prows, 448 F.3d 1223, 1228 (10 Cir. 2006). In any event it is clear that Arbour's one year period under ¶ 6, sub-section 1 has run.

Dockets.Justia.com

transferred to another correctional facility in New York State. According to Arbour's theory, his one year period of limitation began to run on August 17, 2006, and therefore his petition is timely. Alternatively, Arbour may be claiming he is entitled to equitable tolling of the statute of limitations.

    I have reviewed the pleadings in this matter and I hereby order the United States Attorney to either file an answer or otherwise respond to the motion no later than April 23, 2007. If the United States chooses to respond by asserting any available affirmative defenses by way of a motion to dismiss, it need not respond to the three substantive grounds raised in the petition until the Court has first ruled upon the motion to dismiss.

*So Ordered.*

Dated February 22, 2007                        /s/ Margaret J. Kravchuk
                                                                               U.S. Magistrate Judge