UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FRANK ARBOUR, | ) |
| Petitioner, | ) ) ) |
| | ) Civil No. 07-26-B-W ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) |

**RECOMMENDED DECISION**

Frank Arbour has filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate the judgment entered by this court on March 14, 2005.  In his motion Arbour alleges four grounds: a broad claim of ineffective assistance of counsel, two claims regarding sentencing issues, and a claim of prosecutorial misconduct.  In the section of his § 2255 motion provided for explaining why a movant did not take a direct appeal, Arbour alleges that his trial counsel never filed a direct appeal on his behalf even though he explicitly instructed counsel to do so.  Arbour makes these allegations by way of explanation for the fact that this petition, filed on February 20, 2007, was filed well over eighteen months after his judgment of conviction became final.

In its response (Docket No. 11) the United States consents to the entry of an order granting the petition for the limited purpose of reinstating the appeal in <u>United States v. Arbour</u>, Crim. No. 02-73 –B-W (D. Me.), citing to <u>Roe v. Flores-Ortega</u>, 528 U.S. 470 (2000).  Arbour's petition appears to contain certain grounds that could only be raised on direct appeal, but it also contains a broad claim of ineffective assistance of counsel that in all probability cannot be fully resolved on direct appeal.  Therefore, heeding the counsel

of <u>United States v. Tidswell</u>, 05-2795 (1st Cir. Dec. 12, 2006) and <u>Tidswell v. United States</u>, 06-1465 (1st Cir. Dec. 12, 2006), this court should explicitly hold this petition in abeyance pending a decision on the direct appeal, if the court determines it is appropriate to grant that portion of the motion which seeks to reinstate a right to direct appeal.

Based upon the foregoing I recommend that the court grant so much of Arbour's 28 U.S.C. § 2255 motion as it seeks reinstatement of the direct appeal, direct the clerk to enter a notice of appeal on behalf of the defendant in the underlying case and arrange for the appointment of counsel on appeal.  I further recommend that the remaining portions of this petition be held in abeyance.  The stay hereby entered will be lifted following the direct appeal and the petition can then be determined on its merits.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

May 23, 2007